THE STATE OF OHIO, APPELLEE, *v.* PODBORNY, APPELLANT.

(No. 44574—Decided November 2, 1987.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Kathleen Aynes,* for appellant.

DAVID T. MATIA, J. The case *sub judice* is before this court upon remand from the United States Supreme Court.

The remand order reads as follows:

"* * * The motion of petitioner for leave to proceed in forma pauperis is granted. The petition for writ of certiorari is granted. The judgment is vacated and the case is remanded to the Court of Appeals of Ohio, Cuyahoga County, for further consideration in light of *Griffith* v. *Kentucky,* 479 U.S. [314] * * * (1987)." See (1987), 479 U.S. 1075.

Thereafter on the tenth day of March, 1987, the presiding judge of the Eighth District Court of Appeals of the state of Ohio, ordered as follows:

"The U.S. Supreme Court has remanded this case to this court for further consideration in light of *Griffith* v.

136

*Kentucky,* 479 U.S. [314] (1987). Counsel for the defendant-appellant shall file a brief limited to that single issue, not to exceed 20 pages, by April 6, 1987. Counsel for the state shall file any responsive brief, not to exceed 20 pages, within 20 days after defendant-appellant files her brief. Counsel for defendant-appellant may file any reply brief within ten days thereafter. This case will be scheduled for oral argument on the limited issue for which it has been remanded, by a regularly assigned panel of this court."

Thereafter the undersigned and qualified regular panel of judges of this court of appeals was assigned this matter.

On March 27, 1981, defendant-appellant, Dimple Podborny, was indicted by the Grand Jury of Cuyahoga County, in case No. CR-163540, for the aggravated murder of Henry Podborny in violation of R.C. 2903.01, the aggravated robbery of Henry Podborny in violation of R.C. 2911.01, and the kidnapping of Henry Podborny in violation of R.C. 2905.01. The appellant was arraigned on July 7, 1981, whereupon a plea of not guilty to the indictment was entered.

After a trial before a jury, the appellant was convicted of aggravated murder, aggravated robbery, and kidnapping on October 10, 1981. Thereafter, the appellant was sentenced to imprisonment within the Women's Correctional Admissions Center, Columbus, Ohio, for a term of life imprisonment with regard to the offense of aggravated murder, seven years to twenty-five years of imprisonment with regard to the offense of aggravated robbery, and seven years to twenty-five years with regard to the offense of kidnapping. The trial court further ordered that the sentences imposed be served consecutively to each other.

On November 6, 1981, the appellant filed a timely notice of appeal with said appeal containing ten assignments of error. Of the ten assignments of error, only the tenth assignment of error is of concern at this time. Specifically, the appellant in her tenth assignment of error argued that:

"Appellant was denied her right to a fair trial and to a trial by jury drawn from a representative cross-section of the community as guaranteed by Article I, Section[s] 5 and 10 and Article II, Section 26 of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution when the state excluded blacks on voir dire from serving on the jury solely on the basis of group racial bias."

On August 9, 1985, the Cuyahoga County Court of Appeals journalized its decision which found that the appellant's ten assignments of error were not well-taken and that the judgment of the trial court was affirmed. A notice of appeal to the Supreme Court of Ohio was filed by the appellant on September 9, 1985, with said court dismissing the appellant's appeal on November 27, 1985, on the basis of "no substantial constitutional question."

On January 29, 1986, the appellant filed a petition for a writ of certiorari with the United States Supreme Court. Apparently, the issue presented for review to the United States Supreme Court involved the exclusion of black persons on voir dire from a jury on the basis of racial bias through the use of peremptory challenges on the part of the prosecution.

As was noted above, the United States Supreme Court, on February 23, 1987, remanded the appellant's case to this court for further consideration in light of *Griffith* v. *Kentucky* (1987), 479 U.S. 314.

Therefore, the sole issue before this court on remand is:

"Whether Mrs. Podborny is entitled to a new trial because the prosecu-

tor utilized his peremptory challenges to strike black jurors from the jury venire on the basis of race."

The appellant specifically argues that the prosecution used its peremptory challenges to exclude black persons from the jury during voir dire and that said black veniremen were systematically excluded on the basis of racial bias. The appellant further argues that the exclusion of black persons from her jury panel requires a new trial.

The United States Supreme Court, in *Batson* v. *Kentucky* (1986), 476 U.S. 79, established that a criminal defendant who claims that he has been denied equal protection through the prosecution's use of peremptory challenges to exclude members *of the defendant's race from the petit jury* can establish a prima facie case of purposeful discrimination based solely on the prosecution's exercise of peremptory challenges at the defendant's trial as follows:

"* * * To establish such a case, the defendant first must show that he is a member of a cognizable racial group, *Castaneda* v. *Partida, supra,* at 494, and that the prosecutor has exercised peremptory challenges to remove from the venire *members of the defendant's race.* Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' *Avery* v. *Georgia,* 345 U.S., at 562. Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination." (Emphasis added.) *Batson, supra,* at 96.

*Batson* clearly holds that in order to establish a prima facie case of purposeful discrimination in the selection of a jury, the defendant must show that he is a member of a racial group which is capable of being singled out and that the prosecution has removed from the venire members of the defendant's race through the exercise of peremptory challenges. *The appellant herein has failed to meet this prerequisite in that the appellant was not a member of a racial group which was singled out for differential treatment, nor has the appellant argued that the prosecution exercised peremptory challenges to remove from the venire members of the appellant's race.*

Thus, the appellant, pursuant to *Batson,* cannot establish a prima facie case of purposeful discrimination vis-a-vis the use of peremptory challenges by the prosecution to exclude black veniremen from the jury. The prosecution's use of peremptory challenges to excuse black persons from the jury did not violate the appellant's right to equal protection of the law and, therefore, the appellant is not entitled to a new trial.

Therefore, the sole issue presented for review on remand from the United States Supreme Court is not well-taken.

*Judgment affirmed.*

WILSON, J., concurs.

WIEST, J., dissents.

ROGER B. WILSON, J., of the Court of Common Pleas of Champaign County, sitting by assignment of the Eighth Appellate District.

MARK K. WIEST, J., of the Court of Common Pleas of Wayne County, sit-

ting by assignment in the Eighth Appellate District.

WIEST, J., dissenting. The majority has misapplied *Batson* v. *Kentucky* (1986), 476 U.S. 79, and, therefore, I dissent. The majority says that before *Batson* can be applicable, the defendant must show that he is a member of a racial group which is capable of being singled out and that the prosecution has removed from the venire members of the defendant's race through the exercise of peremptory challenges. Under the majority view, if the defendant is white, apparently the state is free to peremptorily challenge black prospective jurors on the basis of race. The majority view is based on the "same race" language of *Batson*, quoted in the majority opinion in this case. This portion of *Batson* describes how a defendant can establish a prima facie case of purposeful discrimination. It does not say that whites have no standing to object to the peremptory exclusion of black prospective jurors. See *Arizona* v. *Superior Court for Maricopa County* (1987), 156 Ariz. 512, 753 P. 2d 1168.

Here we have a record which demonstrates that the prosecution exercised a peremptory challenge against a black juror on the basis of race. I would remand this case to the trial court for further proceedings similar to those required by the Supreme Court in *Batson*.